POWERS v. MILLER.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

1. MASTER AND SERVANT—DEATH OF SERVANT — NEGLIGENCE — QUESTION FOR JURY.

In an action for the death of an employé in a stoneyard, resulting from a stone falling on him, whether the death was caused by defendant negligently causing the stone to be moved by a derrick *held*, under the evidence, a question for the jury.

2. TRIAL—DISMISSAL OF COMPLAINT—PROPRIETY—CONFLICTING EVIDENCE.

It is not proper to dismiss a complaint where there is a substantial conflict of evidence upon the material question in issue; and where there is any reasonable evidence in support of an issue, the litigants are entitled to have it submitted to the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 359.]

Appeal from Trial Term.

Action by Annie Powers, administratrix, against David Miller, for negligent death. From an order setting aside a verdict for plaintiff and dismissing the complaint, and from a judgment thereupon entered, plaintiff appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAMBERT, HOUGHTON, and SCOTT, JJ.

M. L. Malevinsky, for appellant.

George F. Hickey, for respondent.

LAMBERT, J. The plaintiff's husband was employed as a chainman in the defendant's stoneyard on Second avenue, city of New York, on the 15th day of September, 1902. Working with him was one Beidenger. It was the duty of these men to fasten grabs upon a stone which was being handled by means of a derrick operated by steam power, so that the stone might be sawed to the proper dimensions. The stone was upon skids upon a car. The man who was operating the derrick was located some distance above the plaintiff's intestate and his fellow laborer. One cut had been made upon the stone. It was desired to change its position for a second cut. The defendant was present. The chain or rope, with the grab hooks, was lowered to the stone, Beidenger attached his grabs, and plaintiff's intestate was engaged in adjusting other grabs, when it is claimed that the defendant, intruding in a detail of the work, gave the signal to the derrick man to start the machinery without giving the deceased proper time in which to do his work, with the result that the grabs placed by Beidenger operated to turn the stone over upon plaintiff's intestate, causing his death. The defendant denied that he gave this order; but there was a clear conflict of evidence upon this point, and we are of the opinion that a question was presented for the determination of the jury.

Another theory was advanced by the defendant to the effect that both Beidenger and plaintiff's intestate had attached their grabs, and that the stone was raised some four or five inches from the car, when a piece of the stone chipped out under one of the grabs, causing the stone to fall, with the result as stated above. The learned trial court reserved a ruling upon a motion to dismiss the complaint until after the verdict. Then, upon a motion being made to set aside the verdict on the usual grounds, the court called up the motion to dismiss, and, on defendant making "all the motions," as counsel put it, the court set aside the verdict and dismissed the complaint. As already indicated, there was a question for the jury to determine, and it was error for the court to dismiss the complaint. It may have been proper to set aside the verdict on some of the grounds set forth in section 999 of the Code of Civil Procedure; but to go beyond that and dismiss the complaint, thus closing the door of recovery upon the plaintiff, is without warrant in the record. It is never proper to dismiss a complaint where there is a substantial conflict of evidence upon the material question in issue, even though in the judgment of the trial court the evidence is not sufficient to justify a verdict. The court may set the verdict aside and grant a new trial, and this it is often its duty to do; but, so long as there is any reasonable evidence in support of an issue, it is the right of litigants to have that evidence passed upon by the jury.

The order appealed from should be reversed, with costs, and a new trial granted, with costs to abide the event. All concur.